STEVEN P. GARVEY AND CYNTHIA A. GARVEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garvey v. Commissioner
Docket. No. 46193-86
United States Tax Court
T.C. Memo 1993-354; 1993 Tax Ct. Memo LEXIS 366; 66 T.C.M. (CCH) 355; August 12, 1993, Filed *366 An order granting respondent's motion will be issued and decision will be entered pursuant to the stipulations of settlement executed by the parties. For Steven P. Garvey, petitioner: Mark A. Krasner and Kevin A. Werner. For Cynthia A. Garvey, petitioner: Herbert D. Sturman and Michael Blumenfeld. For respondent: William A. McCarthy, Michael E. Melone, and Deborah Harrington. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion for entry of decision. The issue to be resolved is whether petitioner Steven *367 P. Garvey's objection to respondent's settlement with petitioner Cynthia A. Garvey granting her innocent spouse relief under section 6013(e) provides a sufficient basis for the Court to deny respondent's motion for entry of decision. Background
Steven P. Garvey and Cynthia A. Garvey (petitioners) filed joint Federal income tax returns for the taxable years 1980 and 1981. Respondent issued a joint deficiency notice to petitioners determining deficiencies in and additions to their Federal income tax for the taxable years 1980 and 1981 as follows: Additions to Tax
Year
Deficiency
Sec.
Sec. 6653(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
6651(a)(1)
1980
$ 103,934
$ 3,237.10
$ 8,877
--  --
1981
118,364
5,110.30
--
$ 11,574.50
[1]
Respondent further determined that petitioners are subject to increased interest pursuant to section 6621(d) for the taxable years 1980 and 1981. A significant portion of the deficiencies for each of the years 1980 and 1981 is attributable to respondent's determination to disallow losses that petitioners reported from investments in a tax shelter promoted by First *368 Western Government Securities. [2]
Petitioners retained counsel and filed a joint petition for redetermination contesting the deficiency notice in its entirety. At the time the petition was filed, petitioners were living apart, although they were both residing in the State of California. Approximately 3 years after the filing of the petition, additional counsel entered an appearance in this case solely for the purpose of representing Steven P. Garvey. By order dated June 2, 1992, this case was calendared for a pretrial conference. On that same date, Cynthia A. Garvey filed a *369 motion for leave to file an amendment to the petition and lodged an amendment to the petition with the Court. The amendment to the petition claims "innocent spouse" relief under section 6013(e). A copy of the motion and proposed amendment was served on Steven P. Garvey's counsel. On June 22, 1992, petitioners' original counsel filed a motion to withdraw as counsel for Steven P. Garvey. There being no objection, the motion was granted. On June 26, 1992, respondent filed (1) a response to Cynthia A. Garvey's motion for leave to file an amendment to the petition and (2) a stipulation of settlement respecting Cynthia A. Garvey's liability. The response states in pertinent part: THE RESPONDENT * * * hereby notifies the Court that she has no objection to the granting of said motion. Petitioner Cynthia A. Garvey has reached an agreement with respondent which resolves all issues in this case except the "innocent spouse" issue, which she seeks to raise in her Amendment to Petition. The Stipulation of Settlement which details this agreement is being filed concurrently herewith.
Steven P. Garvey did not file an objection to Cynthia A. Garvey's motion for leave to file an amendment *370 to the petition. On July 17, 1992, petitioners' case was called for pretrial conference in Los Angeles, California. At that time, a stipulation of settlement respecting Steven P. Garvey's tax liability for the years in dispute was filed with the Court. Further, the Court indicated during the hearing that Cynthia A. Garvey's motion for leave to file an amendment to the petition would be granted. [3]
On March 22, 1993, respondent and Cynthia A. Garvey filed a stipulation of settlement respecting the latter's claim for innocent spouse relief. The stipulation states that Cynthia A. Garvey is relieved of liability for tax for the taxable years 1980 and 1981 pursuant to section 6013(e). On the same day, respondent filed a motion for entry of decision with respect to both petitioners. Cynthia A. Garvey filed a notice of no objection *371 to respondent's motion for entry of decision. However, Steven P. Garvey filed an objection to respondent's motion and a response to Cynthia A. Garvey's notice of no objection. Cynthia A. Garvey then filed a supplement to her notice of no objection to respondent's motion for entry of decision. Discussion
We note at the outset that Steven P. Garvey does not dispute the deficiencies in this case and, in fact, has filed a stipulation agreeing to the deficiencies and additions to tax. Nor does Steven P. Garvey now seek to modify or void the stipulation between himself and respondent, but rather seeks to void the settlement agreement between Cynthia A. Garvey and respondent which relieves Cynthia A. Garvey of liability under section 6013(e). Section 6013(a) provides (with exceptions not applicable here) that "A husband and wife may make a single return jointly of income taxes under subtitle A." Section 6013(d)(3) provides in pertinent part that, if a joint return is made, the liability with respect to the tax shall be joint and several. Guth v. Commissioner, 897 F.2d 441, 442 (9th Cir. 1990), affg. T.C. Memo. 1987-522. *372 A spouse may be relieved from the joint and several liability prescribed by section 6013(d) pursuant to section 6013(e). In particular, section 6013(e) provides: SEC. 6013(e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
[4]
*373 In sum, section 6013(e) provides that a spouse may be relieved from joint and several liability for tax arising from a joint return if the spouse can establish, inter alia, that he or she did not know, and had no reason to know, that there was a substantial understatement of tax on the return and that it would be inequitable to hold such spouse liable for the tax. Steven P. Garvey's objection to respondent's motion for entry of decision is based on his concern that Cynthia A. Garvey does not qualify for innocent spouse relief under section 6013(e). In particular, Steven P. Garvey contends: Without Steven Garvey's opposition, this Court will not have the full picture regarding Cynthia Garvey's involvement in the family's finances, and will not hear his rebuttal of any evidence that Cynthia Garvey may have presented. In short, the Commissioner has neither investigated nor inquired about Steven Garvey's facts and circumstances which bear on Cynthia Garvey's request for innocent spouse relief. As evidenced by the above authority, this Court must consider all the facts and circumstances bearing on Cynthia Garvey's application under I.R.C. [sec.] 6013(e).
We think *374 there is no merit in Steven P. Garvey's objection to respondent's motion for entry of decision. As a preliminary matter, Steven P. Garvey provides no support for his argument that the Court is obligated to consider the facts and circumstances surrounding Cynthia A. Garvey's request for innocent spouse relief. While an analysis of the facts and circumstances is certainly a required element where the innocent spouse issue is contested, the fact remains that respondent has agreed that she will not dispute Cynthia A. Garvey's claim for such relief in this case. Under the circumstances, we simply will not question respondent's decision to settle with Cynthia A. Garvey, nor are we interested in unnecessarily interfering in the parties' settlement negotiations. See Estate of Ravetti v. Commissioner, T.C. Memo. 1989-45. Steven P. Garvey's arguments are not in any sense novel. In Himmelwright v. Commissioner, T.C. Memo. 1988-114, the taxpayers, husband and wife, filed a joint petition for redetermination. Prior to the date scheduled for the trial of the matter, and unbeknownst to Mr. Himmelwright, respondent and Mrs. Himmelwright *375 agreed that she would not be liable for any of the tax. Shortly thereafter, the Court was advised that respondent and Mr. Himmelwright had reached an agreement settling the case. Accordingly, the trial of the matter was canceled. Mr. Himmelwright later sought to be excused from the agreement arguing that he settled with respondent believing that his wife would share liability for the tax due. We rejected Mr. Himmelwright's position as follows: We fail to see the relevance of any agreement between Mrs. Himmelwright and respondent to the enforcement of the settlement between petitioner and respondent. First of all, nothing in the letter of August 4 makes petitioner's income tax liability contingent in any way upon any agreement with Mrs. Himmelwright. Secondly, section 6013(d)(3) provides that signers of a joint return are jointly and severally liable for any tax due. Finally, the agreement between respondent and Mrs. Himmelwright is in effect no more than respondent's concession of the innocent spouse issue raised in the Himmelwrights' petition.
We see no material difference between the facts presented in Himmelwright and those presented in the instant case. Steven *376 P. Garvey, who was represented by separate counsel during the settlement process, has not suggested that his agreement with respondent was contingent upon the resolution of Cynthia A. Garvey's claim for innocent spouse relief. Moreover, there is no dispute that Steven P. Garvey is liable for the tax in question pursuant to section 6013(d)(3). With these points in mind, we are compelled to conclude that respondent's settlement with Cynthia A. Garvey does not provide a basis for the Court to deny respondent's motion for entry of decision. As a final matter, we note (as was the case in Estate of Ravetti v. Commissioner, supra) that Steven P. Garvey's objection to respondent's motion for entry of decision appears to have been born of his desire to preserve his right of contribution from Cynthia A. Garvey. [5] As explained in Estate of Ravetti, however, the right of contribution with which Steven P. Garvey is concerned is a matter to be resolved under State law. *377 To reflect the foregoing, An order granting respondent's motion will be issued and decision will be entered pursuant to the stipulations of settlement executed by the parties. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. In Freytag v. Commissioner, 89 T.C. 849, 875-876 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S.    ↩, 111 S. Ct. 2631 (1991), we held that the transactions between First Western Government Securities and its customers were illusory and not bona fide transactions and were entered into primarily for tax-avoidance purposes.
3. Cynthia A. Garvey's motion for leave to file an amendment to the petition was stamped granted on Feb. 2, 1993. Cynthia A. Garvey's amendment to the petition was filed that same date.↩
4. Prior to 1984, sec. 6013(e) provided relief only from tax liabilities resulting from omitted income. See Act of Jan. 12, 1971, Pub. L. 91-679, sec. 1, 84 Stat. 2063. The provision was amended under sec. 424(a) of the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, 98 Stat. 494, 801, to extend relief to tax liabilities resulting from erroneous deductions. The 1984 amendment has retroactive effect, and thus we apply the current version of the provision to the years before us. See DEFRA sec. 424(c), 98 Stat. 803; see also Bokum v. Commissioner, 94 T.C. 126, 137-138 n. 13 (1990), affd. 992 F.2d 1132↩ (11th Cir. 1993).
5. Estate of Ravetti v. Commissioner, T.C. Memo. 1989-45↩, involved separate petitions and thus separate dockets by husband and wife. We do not, however, consider this to be a relevant distinction.