William J. MERTENS; Alex W. Bandrow-ski; James E. Clarke; Russell Franz, Plaintiffs–Appellees,

v.

Charles H. BLACK; Gerald G. Ferro; Richard N. Gary; Charles S. Holmes; Patrick J. Hunt; Robert Merrick; George M. Perry; Monty H. Rial; M. Edward Steward; Miles G. Yeagley, Defendants–Appellants,

and

Kaiser Steel Retirement
Plan, Defendant.

William J. MERTENS, et al.,
Plaintiff–Appellee,

v.

KAISER STEEL RETIREMENT PLAN,
et al., Defendant–Appellant.

William J. MERTENS, et al.,
Plaintiff–Appellee,

v.

PENSION BENEFIT GUARANTY
CORPORATION, Defendant–
Appellant,

and

Kaiser Steel Retirement Plan,
et al., Defendant.

Nos. 90–16359, 90–16437 and 90–16439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1991.

Decided Nov. 4, 1991.

Julia A. Molander, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants-appellants.

Jean Marie Breen, Office of Gen. Counsel, Washington, D.C., for Pension Benefit Guar. Corp., defendant-appellant in No. 90–16439 and defendant-appellee in Nos. 90–16359 and 90–16437.

Alfred H. Sigman, Sigman & Lewis, Oakland, Cal., for plaintiffs-appellees.

Before NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.*

PER CURIAM:

Participants in the Kaiser Steel Retirement Plan ("the Plan") brought this action to restore to the Plan losses allegedly resulting from breaches of fiduciary duty by members of the Plan's Investment Committee. Appellants, eleven individual members of the Plan's Investment Committee, appeal from the district court's denial of their motion for summary judgment. 744 F.Supp. 917. Appellants contend the prior judgment in *Horan v. Kaiser Steel Retirement Plan*, on appeal as *Koch v. Kaiser Steel Retirement Plan*, No. 89–56115 et seq., has preclusive effect here and bars relitigation of the ERISA fiduciary duty issues. We affirm the district court's denial of the summary judgment motion, although for reasons different from those given by the district court.

■ Before applying either claim preclusion or issue preclusion, the moving party must demonstrate that the party against whom preclusion is sought was a party to the prior action, or in privity with a party to the prior action. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (claim preclusion); *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir.1980) (claim preclusion); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 326–27 (9th Cir.1988) (issue preclusion). The district court concluded that the plaintiffs in *Horan* were in privity with the plaintiffs in *Mertens* because both purported to represent the Plan. *See Cramer v. General Tel. & Electronics Corp.*, 582 F.2d 259, 267 (3d Cir.1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979); *see also*

*Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985) (suits under ERISA for breach of fiduciary duty must be brought on behalf of the Plan); *Sokol v. Bernstein*, 803 F.2d 532, 536 (9th Cir.1986) (no right of action under section 409 for "beneficiary *qua* beneficiary.").

The district court based its conclusion that the *Horan* plaintiffs represented the Plan on the premise that under *Russell*, they could not bring individual claims for individual remedies. Because they could not bring these individual claims, reasoned the district court, the claims they presented must have been asserted on behalf of the Plan.

We reject this analysis. As we held in *Koch, (cite)*, the *Horan* plaintiffs did not purport to represent the Plan in asserting their claims, nor did they seek a recovery for the Plan. They sought a recovery from the fiduciaries which would provide them with individual annuities. *Id.*

■ The only reason suggested as to why we should reclassify the *Horan* plaintiffs claims into something they plainly are not is that if this is not done, the claims the *Horan* plaintiffs asserted could not be brought under *Russell*. We refuse to apply such bootstrap reasoning. In so doing, we reject the appellants' contention that a fiduciary claim brought on behalf of an individual under ERISA must be classified as if brought on behalf of the Plan.

Because the plaintiffs in *Horan* did not purport to represent the Plan as a whole, the plaintiffs in *Mertens* cannot be held to be in privity with the plaintiffs in *Horan*. Thus, the *Mertens* plaintiffs cannot be barred from bringing this suit on behalf of the Plan or from relitigating fiduciary breach issues allegedly already litigated dispositively in *Horan*.

■ Finally, we hold that the district court did not err in dismissing the Plan as a defendant. Because recovery is sought for the benefit of the Plan, the Plan's interests

---

* Hon. Samuel P. King, Senior United States District Court Judge for the District of Hawaii, sitting by designation.

are not adverse to those of the plaintiffs. However, we do not read the district court's dismissal of the Plan as a dismissal of the Pension Benefit Guaranty Corporation.

The district court's denial of the summary judgment motion is AFFIRMED.