**Estate of Silvio RAVETTI,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 92–15883.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 3, 1994 *.

Decided Oct. 11, 1994.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Richard H. Foster, Salinas, CA, for plaintiff-appellant.

Mary Frances Clark, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The Estate of one spouse sued in district court to challenge the IRS determination that the other spouse was "innocent" of liability on the joint returns.

## FACTS

Silvio and Martha Ravetti were divorced in 1982. They agreed to share tax liability arising out of past returns, and specifically provided for how to apportion liability if Martha were determined to be an "innocent spouse." Silvio died in 1986. Meanwhile, Martha and the IRS stipulated, and the Tax Court decided pursuant to their stipulation, that she had no liability for additional taxes for 1976, 1977 and 1978, because she was an "innocent spouse" pursuant to 26 U.S.C. § 6013(e)(1), with regard to the deficiencies. The Ravettis had filed jointly, and underpaid their taxes because of subsequently disallowed deductions arising out of tax shelters. The IRS allowed Martha the innocent spouse relief on the ground that she relied on her husband and their accountant to assure that the returns were properly prepared, and "she did not benefit from the understatement of tax because the unpaid tax money was spent on his new wife or previous affairs."

Silvio's estate sued in district court for a tax refund of amounts paid under protest, and declaratory and equitable relief. The estate claimed that the Tax Court decision in favor of Martha deprived Silvio's estate of procedural due process of law, because it received no notice or opportunity to be heard. By sworn declaration of counsel, the estate claimed that Martha did in fact receive substantial benefit from the disallowed deductions during the marriage and in the division of property in the divorce.

## ANALYSIS

■ The district court dismissed the Estate's case for lack of jurisdiction, on the ground that the government had not waived its sovereign immunity. On appeal, the government argues that Silvio's estate lacked standing to challenge the innocent spouse exemption for Martha. This ground was not argued below. We can nevertheless consider it, because lack of standing, as an aspect of lack of subject matter jurisdiction, may be raised for the first time on appeal. *See Associated General Contractors of California, Inc. v. Coalition for Economic Equity,* 950 F.2d 1401, 1405 (9th Cir.1991). We affirm the dismissal for lack of jurisdiction. We analyze the question in terms of standing, because in this case that analysis is simpler, and we therefore do not reach the issues of sovereign immunity, the Anti–Injunction Act, and the tax exception to the Declaratory Judgment Act, which were dispositive below.

■ Silvio's estate lacked standing to challenge the innocent spouse relief granted to his ex-wife, because he would owe the same amount of money regardless. He was liable jointly and severally on their joint returns. "[I]f a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d)(3). That means the IRS could take all the money owed from Silvio, whether Martha was an "innocent spouse" or not. Even if Martha owed the money jointly and severally, Silvio's estate would not be entitled to a refund. *See Conklin v. Commissioner,* 897 F.2d 1027, 1029 (10th Cir.1990).

Martha escaped liability under the innocent spouse provision:

Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

26 U.S.C. § 6013(e)(1).

The estate argues that the IRS should not have attempted to "determine the degree of fault in the marital relationship" without allowing him to be heard. Martha's theory for why she did not benefit from her husband's having money which rightly should have been paid in taxes does indeed involve a determination about how Silvio behaved during the marriage. It may be that the Estate could prove, were it allowed, that the IRS erred in granting Martha an innocent spouse determination. We do not reach that question, and need not, because such an error would not affect Silvio's estate's tax liability. Silvio's estate would owe all the money regardless. The only harm would be to the IRS, in depriving it of an additional source from which to recover.

 A taxpayer generally has no standing to challenge the tax liability determination of another taxpayer. *Al–Kim, Inc. v. United States,* 650 F.2d 944, 947 (9th Cir. 1979); *Graham v. United States,* 243 F.2d 919, 922 (9th Cir.1957). Silvio's estate could not obtain contribution from Martha in the tax case, because the tax code has no provision enabling a spouse to obtain contribution from an "innocent spouse," and no authority has been suggested to us for this unlikely proposition. Nor is there any provision for reducing a taxpayer's liability because of the joint and several obligation of his or her spouse. A taxpayer therefore lacks standing to challenge the "innocent spouse" relief granted to his or her spouse.

Silvio's estate may be entitled to contribution from Martha, under state law. Two possible theories are mentioned in the briefs. One is the divorce decree. It specifically provides for a judicial proceeding relating to an innocent spouse determination by the IRS.[1] A second is California's general contribution statute. Cal.Civ.Code § 1432. There may be others. We intimate no resolution of possible state law issues.

 Silvio's estate argues that it has standing to challenge the IRS determination, because that determination will control the result in state court under the Supremacy Clause and by res judicata. No authority is cited for that proposition. We do not agree with it. The question whether, under federal law, Martha escapes additional taxes which Silvio's estate must pay to the IRS, does not control the state law determination of whether, as an equitable matter, Martha should

---

1. Paragraph 3 of their stipulation provides:

Any and all liability for tax assessments arising in connection with past joint state and federal income tax returns filed by the parties shall be shared equally between Petitioner [Silvio] and Respondent [Martha]. Any and all post-separation payments made on account of such assessments by Petitioner shall be credited solely to Petitioner's share of said liability. Respondent shall hold Petitioner harmless from and indemnify him for the other one-half share of said liability, including all penalties and interest incurred thereon, except that, if Respondent should be judicially determined to be an "innocent spouse"

in relationship to any such tax assessment, then Petitioner shall assume the liability for paying all penalties and interest on that particular tax assessment occurring through the date of judicial determination, and Respondent shall assume the liability for paying one-half of the principal assessment or any penalty or interest attributable thereto which has accrued after the date of judicial determination. If either party should successfully bring a judicial proceeding to enforce the terms of this Paragraph 3 against the other party, then that party shall be awarded his or her attorney's fees and costs incurred in said proceeding.

have to contribute anything to Silvio. The Supremacy Clause has no application, because the state court will not purport to determine how much Martha or Silvio's estate must pay the IRS. Res judicata will not apply because Silvio's estate was not a party nor in privity with Martha or the IRS in her innocent spouse adjudication. *Mertens v. Black,* 948 F.2d 1105 (9th Cir.1991) (per curiam).

Because Silvio's estate had no standing, the dismissal for lack of jurisdiction is affirmed. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975).

AFFIRMED.