112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred A. WHITAKER, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; Lynne Yoshimara; U.S. Department of
Agriculture, Defendants-Appellees.
 No. 95-17265.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Food stamp recipient Fred A. Whitaker appeals pro se the district court's Fed.R.Civ.P. 12(b)(1) & (6) dismissal of his action with prejudice against defendants for their alleged violation of the Food Stamp Act ("the Act), 7 U.S.C. §§ 2011-32. Whitaker alleged, among other things, that defendants violated the Act when they allowed private retailers to: (1) charge a California Redemption Value on beverages for which he had paid with food stamps; (2) charge sales tax on several of his food stamp purchases; and (3) prevent him from using food stamps to buy alcoholic beverages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Lopez v. Espy, 83 F.3d 1095, 1099 (9th Cir.1996), and we affirm the district court's dismissal because we conclude that Whitaker lacked standing to sue, see Ravetti v. United States, 37 F.3d 1393, 1394 (9th Cir.1994).
 
 
 3
 "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984); see also Cato v. United States, 70 F.3d 1103, 1109 (9th Cir.1995). A plaintiff must demonstrate: (1) that he suffered an actual injury; (2) a causal connection between the injury and defendant's unlawful conduct; and (3) that a favorable judicial decision will likely redress his injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir.1996).
 
 
 4
 Here, the alleged injuries[1] Whitaker described in his amended complaint all stemmed from the "independent action[s] of ... third part[ies] not before the court." Lujan, 504 U.S. at 560 (internal quotation marks and citation omitted). Because defendants' alleged inaction was not the immediate source of Whitaker's purported injuries, we conclude that Whitaker lacked standing to sue defendants. See Allen, 468 U.S. at 757-59; San Diego County Gun Rights Comm., 98 F.3d at 1130; Whitmore v. Federal Election Comm'n, 68 F.3d 1212, 1215 (9th Cir.), cert. denied, 116 S.Ct. 1543 (1996).
 
 
 5
 Moreover, we note that a favorable judicial decision would not likely redress Whitaker's injuries because the individuals who caused the alleged injuries are not parties to this action and thus, they would not be bound by a judicial decision in favor of Whitaker. See Lujan, 504 U.S. at 569-71; cf. Beno v. Shalala, 30 F.3d 1057, 1065 (9th Cir.1994).
 
 
 6
 Accordingly, we affirm the district court's dismissal with prejudice of Whitaker's action.[2] See Ravetti, 37 F.3d at 1396.
 
 AFFIRMED.[3]
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4, we deny Whitaker's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We assume, without deciding, that Whitaker suffered an actual injury. See Medina v. Clinton, 86 F.3d 155, 157 (9th Cir.1996)
 
 
 [2]
 Because we affirm the district court's dismissal on the ground that Whitaker lacked standing, we do not reach the other issues Whitaker raises on appeal. See Snake River Farmers' Ass'n v. Department of Labor, 9 F.3d 792, 795 (9th Cir.1993)
 
 
 [3]
 We deny Whitaker's motion to "present material facts just recently discovered relevant to appeal" and his motion to "present material facts."