115 T.C. No. 40

UNITED STATES TAX COURT

CLIFFORD W. MILLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10563-99L.                    Filed December 21, 2000.


     <u>Held</u>:  Sec. 6015, I.R.C., has no application to,
and does not govern, (1) the request of P's former
spouse for relief from joint and several liability
under sec. 6013(e), I.R.C. (former sec. 6013(e)), which
was repealed effective July 22, 1998, and (2) the
administrative proceedings conducted by R that ulti-
mately resulted in R's granting that relief to her
prior to July 22, 1998.  <u>Held</u>, <u>further</u>, P did not have
the right to be notified of or to participate in the
administrative proceedings relating to the request of
P's former spouse for relief from joint and several
liability under former sec. 6013(e).  <u>Held</u>, <u>further</u>, P
lacks standing to challenge respondent's determination
to grant P's former spouse relief from joint and sev-
eral liability under former sec. 6013(e).  <u>Held</u>, <u>fur-
ther</u>, respondent did not abuse respondent's discretion
with respect to any of the determinations in the notice
of determination concerning collection action under
sec. 6320 and/or 6330, I.R.C.

Clifford W. Miller, pro se.

William L. Blagg, for respondent.

## OPINION

CHIECHI, Judge: This case is before the Court on respondent's motion for judgment on the pleadings which was filed on June 12, 2000, and which, pursuant to Rule 120(b),[1] the Court shall treat as respondent's motion for summary judgment under Rule 121 (respondent's motion). On July 10, 2000, petitioner filed a response to respondent's motion, and on August 1, 2000, respondent filed a reply to petitioner's response. On September 11, 2000, the Court held a hearing on respondent's motion. As directed by the Court, respondent filed a supplement to respondent's motion on October 2, 2000, in which respondent provided additional information regarding that motion. On October 24, 2000, petitioner filed a response to respondent's supplement.

## Background

In the various filings by the parties with respect to respondent's motion, the parties do not dispute the following facts.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect at the times indicated.

Petitioner resided in Arden, North Carolina, at the time the petition was filed.

Sometime in January 1990, petitioner withdrew $37,095.52 from an annuity contract that he had with Metropolitan Life Insurance Company (1990 annuity withdrawal). The joint Federal income tax (tax) return for 1990 (1990 joint return) filed by petitioner and his then spouse, who is now known as Florencie G. Bacon (Ms. Bacon), failed to include as income $14,758 of the 1990 annuity withdrawal.

Petitioner and Ms. Bacon divorced sometime after they filed the 1990 joint return. On January 8, 1992, in connection with their divorce, petitioner and Ms. Bacon executed an agreement in which they agreed, inter alia, to be jointly responsible for any additional taxes determined by respondent to be due for 1990 with respect to any annuity contracts held by petitioner.

At a time not disclosed by the record, respondent determined a deficiency of $5,691 for taxable year 1990 (1990 tax deficiency) against petitioner and Ms. Bacon. The 1990 tax deficiency was attributable solely to the failure of the 1990 joint return to include as income $14,758 of the 1990 annuity withdrawal. Respondent did not determine any penalties against petitioner and Ms. Bacon for 1990.

Sometime prior to October 1993, Ms. Bacon requested respondent to grant her relief from joint and several liability (relief

from joint and several liability) with respect to the 1990 tax deficiency. Around October 1993, respondent informed Ms. Bacon that respondent had decided to grant that relief to her. Nonetheless, on March 7, 1994, respondent assessed the 1990 tax deficiency (assessed 1990 tax deficiency) against petitioner and Ms. Bacon.

For reasons not disclosed by the record, respondent inadvertently and erroneously failed to adjust the joint account that respondent maintained for petitioner and Ms. Bacon (joint account) in order to reflect the determination that respondent made around October 1993 to grant Ms. Bacon relief from joint and several liability. Respondent ultimately became aware of respondent's failure to adjust the joint account in order to reflect that determination. On May 29, 1998, a so-called 2-Way Memo was prepared in which respondent's personnel responsible for making changes to the joint account were instructed to transfer the assessed 1990 tax deficiency and interest thereon from the joint account to a nonmaster file (NMF) account to be established only in petitioner's name (petitioner's NMF account). On June 18, 1998, the assessed 1990 tax deficiency and interest thereon reflected in the joint account were transferred to petitioner's NMF account. At no time throughout the period during which respondent was considering and taking action with respect to Ms. Bacon's request for relief from joint and several liability was

petitioner notified of that request and respondent's consideration thereof or given an opportunity to participate in any of the administrative proceedings relating thereto.

Sometime after January 19, 1999, respondent notified petitioner of his right to a hearing (Appeals Office hearing) at which he would be able to contest a proposed collection action against him with respect to the unpaid portion of the assessed 1990 tax deficiency.

On May 24, 1999, after the North-South Carolina Appeals Office of the Internal Revenue Service (Appeals Office) held the Appeals Office hearing that petitioner had requested, the Appeals Office issued to petitioner a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination). The notice of determination contained the following summary of the matters that were considered at petitioner's Appeals Office hearing:

Matters Considered

The requirements of law and administrative procedures: whether the Service met its statutory and administrative requirements prior to levy.

The relevant issues: whether Mr. Miller's claim for "innocent spouse" relief could now be considered.

The intrusiveness of the collection action or the proposed collection action: whether Mr. Miller's situation warranted forbearance of the collection action until his claim could be considered.

The matter considered by the Appeals Office relating to "Mr.

Miller's claim for 'innocent spouse' relief" included peti-
tioner's claim that respondent erroneously granted relief from
joint and several liability to Ms. Bacon with respect to the
assessed 1990 tax deficiency and that he should have received
notice of and an opportunity to contest Ms. Bacon's application
for such relief.  The notice of determination contained the
following summary of the determinations that were made by the
Appeals Office with respect to the matters that were considered
at petitioner's Appeals Office hearing:

> Summary of Determination:
>
> The statutory and procedural notice requirements prior
> to levy were met by the Service.  Therefore, levy is
> permissible.  Further, under Mr. Miller's circum-
> stances, the proposed levy balances the need to collect
> the revenue with the intrusiveness of the proposed
> action.
>
> No collection alternatives were offered because Mr.
> Miller challenged the liability.
>
> Mr. Miller's claim for innocent spouse relief was
> considered and found to be meritless.

In the amended petition for lien or levy action under
section 6320(c) or 6330(d), petitioner alleged the following
errors of the Appeals Office in making the determinations summa-
rized in the notice of determination:

> 5.   Alleged errors in determination:
>
>    1.   Innocent spouse relief granted to my ex-
>    wife without me being notified.
>
>    2.   Ex-wife signed divorce decree acknowledg-
>    ing her tax responsibilities for tax years '89 &

'90 concerning annuities.

    3.  I.R.S. granted ex-wife inn. spouse relief on or about 9-28-93.  I.R.S. Rep. wrote me on 2-14-95 informing me they were still trying to collect from ex, when this was not true. IRS verbally informed me of granting inn. spouse relief to my ex in Dec. '98.  This was the first I was notified of this.

    4.  The annuity in question was cashed in in early 1990 & benifited ex-spouse.

    5.  1990 return was a joint return & ex is equally liable.

    6.  Clifford W Miller has paid $1683.00 to date on this 1990 return.

6.  In the event the court does not rule favorably on the petitioner's request, petitioner prayerfully requests that his liability be limited to the unpaid portion of the $2691.00 original tax with no penalties or fines included.  [Reproduced literally.]

In the answer to the amended petition, respondent alleged, inter alia, that "on or about May 29, 1998, respondent determined that Ms. Bacon qualified as an innocent spouse, under the provisions of I.R.C. § 6013(e), with respect to the 1990 income tax deficiency".

## Discussion

A summary adjudication may be made that disposes of all of the issues in controversy if, inter alia, it is shown that there is no genuine issue as to any material fact with respect to those issues.  See Rule 121(b).  We conclude that there is no genuine issue as to any material fact regarding the issues raised with

respect to respondent's motion.

The validity of the underlying tax liability for 1990 is not at issue here. Consequently, we shall review the determinations set forth in the notice of determination under an abuse-of-discretion standard. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

In support of his position that the Appeals Office erred in determining that respondent may proceed to collect from him the unpaid portion of the assessed 1990 tax deficiency, petitioner argues that respondent should have given him notice of and an opportunity to participate in the administrative proceedings regarding Ms. Bacon's application for relief from joint and several liability with respect to that deficiency and that respondent should not have granted such relief to Ms. Bacon.

In respondent's motion, respondent counters:

> 7. Petitioner does not have standing to challenge respondent's determination that his former wife is an innocent spouse. <u>See</u> <u>Estate of Ravetti v. United States</u>, 37 F.3d 1393 (9th Cir. 1994) and <u>Garvey v. Commissioner</u>, T.C. Memo. * * * [1993-354].

> * * * * * * *

> 10. In the instant case, * * * the Commissioner granted innocent spouse relief to petitioner's former wife before the enactment of the Internal Revenue Restructuring and Reform Act of 1998. Thus, petitioner's former wife never made an election under I.R.C. § 6015(b) or (c), section 6015(e)(4) does not apply to this case, and the pre-1998 Act precedent of <u>Estate of Ravetti</u> and <u>Garvey</u>, <u>supra</u>, forecloses petitioner's challenge to his former wife's innocent spouse status.

\* \* \* \* \* \* \*

16. In addition, respondent is not bound by any provisions relating to the 1990 tax liability contained in petitioner's divorce decree. See Pesch v. Commissioner, 78 T.C. 100, 128-29 (1982) (respondent not bound by agreement to which he is not a party).

The parties do not dispute that respondent granted Ms. Bacon relief from joint and several liability with respect to the assessed 1990 tax deficiency prior to July 22, 1998, the date on which Congress (1) repealed section 6013(e) that was in effect before that date (former section 6013(e)) and (2) enacted section 6015 relating to relief from joint and several liability. See Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201(a), (e)(1), (g)(1), 112 Stat. 685, 734, 740. Section 6015 generally applies to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before such date but remaining unpaid as of such date. See id. sec. 3201(g)(1). Read in the context of section 6015, the liability for tax referred to in the foregoing effective-date provision refers to the liability for tax of the taxpayer claiming relief from joint and several liability.

Respondent alleges in the answer, and we find, (1) that respondent must have granted Ms. Bacon relief from joint and several liability pursuant to former section 6013(e) which was in effect prior to July 22, 1998, when respondent granted Ms. Bacon that relief, and (2) that respondent did not grant such relief

pursuant to section 6015 which was not in effect until July 22, 1998.  At no time on or after July 22, 1998, was Ms. Bacon claiming, or will she be claiming, relief from joint and several liability under section 6015 either in an administrative proceeding before respondent or in a judicial proceeding before us. Once respondent granted Ms. Bacon relief from joint and several liability pursuant to former section 6013(e) prior to July 22, 1998, she had no liability for the assessed 1990 tax deficiency on any date thereafter, including July 22, 1998.  Ms. Bacon did not have, and could not have had, any liability for the assessed 1990 tax deficiency which arose on or before July 22, 1998, when Congress enacted section 6015, and which remained unpaid as of that date.  See id.

We conclude that section 6015 has no application to, and does not govern, Ms. Bacon's request for relief from joint and several liability under former section 6013(e) and the administrative proceedings conducted by respondent that ultimately resulted in respondent's granting that relief to her prior to July 22, 1998.  Cf. King v Commissioner, 115 T.C. 118 (2000) (section 6015 applies where spouse had a liability for tax arising on or before July 22, 1998, which remained unpaid as of that date and claimed relief from joint and several liability under that section); Corson v. Commissioner, 114 T.C. 354 (2000) (same).  We further conclude (1) that petitioner did not have the

right to be notified of or to participate in the administrative proceedings relating to Ms. Bacon's application for relief from joint and several liability under former section 6013(e) and (2) that petitioner lacks standing to challenge respondent's determination to grant Ms. Bacon such relief under former section 6013(e). See 26 U.S.C. sec. 6013(e) (1994); Estate of Ravetti v. United States, 37 F.3d 1393, 1395-1396 (9th Cir. 1994).

Petitioner requests in the alternative that the Court waive any (1) interest imposed by section 6601 on the assessed 1990 tax deficiency during the period February 14, 1995, through December 31, 1998, and (2) penalties assessed by respondent with respect to the assessed 1990 tax deficiency.

With respect to petitioner's alternative request that the Court waive any interest with respect to the assessed 1990 tax deficiency imposed by section 6601 that respondent assessed against him, the record does not establish whether petitioner raised at his Appeals Office hearing that interest should not have accrued on the assessed 1990 tax deficiency during the period February 14, 1995, through December 31, 1998. Assuming arguendo (1) that the record before us had established that petitioner raised at his Appeals Office hearing that interest should not have accrued on the assessed 1990 tax deficiency during that period, (2) that we considered petitioner's alterna- tive request regarding interest to be a request for abatement of

interest under section 6404, and (3) that we concluded that we have jurisdiction under section 6404(i) to consider that request, see Katz v. Commissioner, 115 T.C. __, __ (2000) (slip op. at 20), on the record before us, we find that petitioner has not established, or even alleged, a ministerial error within the meaning of section 6404(e) requiring an abatement of such interest. See Katz v. Commissioner, supra at __ (slip op. at 20-21).

With respect to petitioner's alternative request that the Court waive any penalties assessed against him for 1990, respondent claims, and petitioner does not dispute, that no penalties were assessed against petitioner for 1990. Consequently, that request is moot.[2]

We hold that there is no basis in the record to conclude that respondent abused respondent's discretion with respect to any of the determinations set forth in the notice of determination.

To reflect the foregoing,

---

[2]Assuming arguendo that the record before us had established that respondent assessed penalties against petitioner for 1990, we would not consider petitioner's alternative request that the Court waive those penalties. That is because the record does not establish that he raised that issue at his Appeals Office hearing. See secs. 6320(c), 6330(d)(1); sec. 301.6320-1T(f)(2), Q&A-F5, Temporary Proced. & Admin Regs., 64 Fed. Reg. 3398, 3404 (Jan. 22, 1999); sec. 301.6330-1T(f)(2), Q&A-F5, Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3405, 3412 (Jan. 22, 1999).

- 13 -

An order treating respondent's motion for judgment on the pleadings, as supplemented, as respondent's motion for summary judgment and granting it, and decision that respondent may proceed with the collection action as determined in the notice of determination concerning the collection action for the taxable year 1990 upon which this case is based, will be entered.