T.C. Memo. 2002-187


UNITED STATES TAX COURT


JACQUELYN BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5978-00.              Filed August 5, 2002.


Jacquelyn Brown, pro se.

<u>Richard A. Stone</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Petitioner filed a Form 8857, Request for Innocent Spouse Relief, in which she sought relief from joint and several liability for tax years 1988-90.  Respondent determined that petitioner is not entitled to relief from joint and several liability under section 6015(b), (c), or (f).  Petitioner filed a petition under section 6015(e)(1) in which she contended that she

is entitled to relief from joint and several liability for those years.

Respondent now concedes that petitioner is entitled to relief from joint liability for tax for 1989 and 1990, and for tax arising from $2,923 of Hoffman J. Brown's income in 1988. After respondent's concessions, the sole issue for decision is whether respondent's denial of petitioner's request for relief from the remainder of the 1988 tax liability was an abuse of discretion. We hold that it was not.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for the applicable years. References to Hoffman J. Brown (Brown) are to petitioner's husband. References to the Browns are to petitioner and Brown.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  <u>Petitioner, Her Husband, and Their Joint Tax Returns</u>

Petitioner resided in Baltimore, Maryland, when she filed the petition in this case. Brown was a minister at the Main Street Baptist Church in Smithfield, Virginia, in 1988, 1989, and 1990.

Brown reported the income from his ministry on Schedules C, Profit or Loss From Business, attached to his and petitioner's 1988-90 returns.

B.    Assessment and Payment of the Browns' 1988 Tax Liability

Respondent mailed the Browns a notice of deficiency for 1988-90 on March 25, 1994.  In it, respondent determined that the compensation that Brown had reported as income from self-employment was wages.  Neither petitioner nor Brown filed a petition in the Tax Court in response to the notice of deficiency.  On August 10, 1994, respondent assessed taxes based on the March 25, 1994, notice of deficiency.

Respondent applied the Browns' overpayments of tax for 1994, 1995, 1996, and 1997 to their 1988 tax liability as follows:

| Year of overpayment | Date applied | Amount applied |
|---|---|---|
| 1994 | May 1, 1995 | $179 |
| 1995 | Apr. 29, 1996 | 1,801 |
| 1994 | May 20, 1996 | 1,196 |
| 1996 | Apr. 21, 1997 | 2,507 |
| 1997 | May 18, 1998 | 3,054 |

The Browns' 1988 tax liability was paid in full on May 18, 1998.

OPINION

Petitioner contends that she is entitled to relief from joint and several liability for 1988 under section 6015.  We disagree.  Section 6015 does not apply to any liability for tax arising before July 22, 1998, except to the extent it remained unpaid as of that date.  Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. 105-206, sec. 3201(g)(1), 112 Stat. 740; Butler v. Commissioner, 114 T.C. 276, 281-282

(2000). Petitioner is not entitled to relief for 1988 under section 6015 because the Browns' 1988 tax liability was paid in full on May 18, 1998, which is before July 22, 1998. Miller v. Commissioner, 115 T.C. 582, 587 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); Mlay v. IRS, 168 F. Supp. 2d 781, 785 (S.D. Ohio 2001).

Congress expanded the relief available to joint filers by repealing section 6013(e) in 1998 and enacting section 6015. RRA sec. 3201(a), (e)(1), 112 Stat. 734, 740. Section 6015 applies to any liability for tax arising on or before July 22, 1998, but remaining unpaid as of that date. RRA sec. 3201(g)(1), 112 Stat 740. However, petitioner's tax was paid in full before the effective date of section 6015. Thus, her claim is governed by section 6013(e).[1]

We are aware of no provision in the Internal Revenue Code which allows us to grant relief under section 6013(e) to a taxpayer, such as petitioner in this case, who filed a "stand-

---

[1] The four requirements for relief under sec. 6013(e) are: (1) A joint return was filed for the year at issue; (2) the return contained a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) the spouse seeking relief establishes that, in signing the return, he or she did not know, and had no reason to know, of the substantial understatement; and (4) it would be inequitable to hold the spouse seeking relief liable for the substantial understatement. Sec. 6013(e)(1).

alone" petition under section 6015(e)(1).[2]  Section 6015(e)(1) provides jurisdiction to decide the appropriate relief available to the taxpayer under section 6015.  It does not refer to section 6013(e), consistent with the repeal of section 6013(e) by the RRA.

To account for respondent's concessions,

Decision will be

entered under Rule 155.[3]

---

[2]  Under sec. 6013(e), a claim for relief in the Tax Court was an affirmative defense in a deficiency proceeding. Petitioner's opportunity to raise an affirmative defense under sec. 6013(e) in that fashion ended in 1994 when the 90-day period to file a deficiency suit expired.

[3]  We infer that Hoffman J. Brown either had notice of his right to intervene as contemplated by sec. 6015(e)(4) and Rule 325, or waived his right to that notice and the opportunity to intervene, based on the fact that he attended trial with petitioner, spoke on the record, and apparently supported petitioner's claim for relief under sec. 6015.