# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 05-2698

KEVIN KORCZAK, *et al.*,

*Plaintiffs-Appellees*,

*v.*

FAIZEL SEDEMAN, *et al.*,

*Defendants-Appellees.*

APPEAL OF TARKWIN ENRICK.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 9739—**William J. Hibbler**, *Judge*.

_____

SUBMITTED AUGUST 3, 2005—DECIDED OCTOBER 5, 2005

_____

Before BAUER, POSNER and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.   The underlying suit, which we'll call suit number 1, is a diversity suit, governed by Illinois law, for damages arising from an automobile accident. A jury determined that both drivers had been negligent, and the judge entered judgment against them in accordance with the verdict. Enrick, a passenger in one of the cars, brought a separate suit, suit number 2, against the driver of the other car, one of the defendants in suit number 1. The parties to number 1 decided to settle, and pursuant to the terms of the

settlement they asked the judge to vacate the judgment in their suit. Enrick asked the judge to let him intervene to oppose the settlement, because he wanted the judgment to stand so that he could use it to establish the liability of the driver of the other car in suit number 2, his suit against that driver—use it, that is, as "offensive collateral estoppel," to preclude the driver from relitigating the issue of his negligence. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); *Chicago Truck Drivers, Helpers & Warehouse Union Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 530-31 n. 3 (7th Cir. 1997). The judge permitted Enrick to intervene for the limited purpose of challenging the provision of the settlement that required the judgment in suit number 1 to be vacated, but after listening to his pitch decided to approve the settlement, vacate the judgment, and dismiss the suit. The judge, who had misgivings about the instructions that he had given the jury, said that if the case had not been settled he would almost certainly have granted the defendants a new trial.

Enrick has appealed from the judge's order vacating the judgment. Doubting whether we have jurisdiction of the appeal, we asked the parties to brief the question.

To intervene in a suit is to become a party to it, *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987); *Diamond v. Charles*, 476 U.S. 54, 68 (1986); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994), and a party has a right to appeal from a judgment that inflicts a sufficiently tangible injury on him to give him standing under Article III of the Constitution to sue. Article III has been interpreted to impose the requirement of standing on all stages of a federal litigation, including appeals. E.g., *Arizonans for Official English v. Arizona*,

520 U.S. 43, 68 n. 22 (1997); *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980).

The opportunity to use a judgment in a suit to which one is not a party to gain an advantage in a suit to which one is a party is valuable, but the denial of the opportunity is not a sufficient injury to confer standing. The principle is well established in cases in which the opportunity is merely to use the judgment (or rather, in the usual case, the opinion accompanying the judgment) as a precedent that might persuade a court in a subsequent case. *Boston Tow Boat Co. v. United States*, 321 U.S. 632 (1944); *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). Of course precedent has a social value; that was one basis on which the Supreme Court held in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26-27 (1994), that a judgment should not be vacated just because a settlement afterwards mooted the case and thus precluded further judicial review. But *U.S. Bancorp* did not overrule *Boston Tow Boat*; there are many socially valuable goods that no one has a sufficient interest in to enable a suit to secure the good.

One case holds, however, that a person who would like to use a judgment for purposes of offensive collateral estoppel has standing to challenge the vacation of that judgment. *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167 (9th Cir. 1998). The court's entire reasoning is contained in a single, short sentence: "American Games stands to benefit directly from the preclusive effect of the district court's decision on those issues if that court's vacatur decision is reversed." We have our doubts about the soundness of the decision. Considering that the use of a judgment as offensive collateral estoppel in a subsequent suit is discretionary with the court in that suit, e.g., *Parklane*

*Hosiery Co. v. Shore*, *supra*, 439 U.S. at 331, it is hard to see why, if the precedential effect of a decision shouldn't be a sufficiently tangible interest to confer standing, the possibility of using the decision to foreclose relitigation of a particular issue should be. And we are concerned that recognizing standing in such a case would make it even more difficult than it is to settle cases, by making the intervenor in effect another party to the settlement negotiations. There is no doubt a price at which the parties to the present case could induce Enrick to go away and leave them alone, but a three-party negotiation is more cumbersome than a two-party one.

Even if (as we need not decide to resolve this appeal) the *American Games* decision is wrong, the predominant view is that intervention does not require that the intervenor have an interest sufficient under Article III to entitle him to sue, since the court's jurisdiction is adequately supported by the fact that the original parties must have standing, as otherwise the suit could not continue. *Purcell v. BankAtlantic Financial Corp.*, *supra*, 85 F.3d at 1512; *Associated Builders & Contractors v. Perry*, *supra*, 16 F.3d at 690; *Yniguez v. Arizona*, 939 F.2d 727, 731 (9th Cir. 1991). There is dissent from this position, however, *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996); *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984); cf. *United States Postal Service v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978), and we treated the issue as an open one in *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000).

If intervention always meant that the intervenor became a party with *all* the rights the original parties had, so that if the party on whose side he intervened dropped out of the case he could take his place and continue the litigation to

judgment, he would have to show that his interest in the suit was sufficient to confer standing under Article III. Such a conclusion would be implicit in the rule mentioned earlier that jurisdiction must continue throughout a litigation. It is not enough that there was jurisdiction originally but it lapsed before judgment was entered; when it lapses, the suit must be dismissed.

But "intervention" can be and is used more broadly (or loosely) to denote a situation in which the resolution of a dispute can be expedited or made more accurate or otherwise improved by allowing someone to enter the litigation, conduct discovery, examine and cross-examine witnesses, and otherwise disport himself as a party would, or else to participate in a more limited capacity, as in the present case. Whether such participations are called "intervention" or something else, and the participants are called "parties" (invariably they are, if permitted to inter-vene, however limited a participation the judge authorizes) or something else, such participation is within the power of a district judge to allow if he has a reasonable basis in judicial expedience to do so. See, e.g., *Jessup v. Luther*, 227 F.3d 993, 997-98 (7th Cir. 2000); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994); *Walsh v. Walsh*, 221 F.3d 204, 213 (1st Cir. 2000); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). But if the intervenor does not have the kind of interest that confers standing, then, even if he is called a "party," and even if he *is* a party for other purposes, he cannot force the litigation to judgment or take an appeal. *Diamond v. Charles*, *supra*, 476 U.S. at 68-69; *Transamerica Ins. Co. v. South*, 125 F.3d 392, 396 (7th Cir. 1997); *Harris v. Amoco Production Co.*, 768 F.2d 669, 675-76 (5th Cir. 1985) (permissive intervenor); *McKay v. Heyison*, 614 F.2d 899, 907 (3d Cir. 1980) (same). The other side of this coin is that a member of a class in a

class action suit, even if not a named party, can challenge a settlement that will bind him. *Devlin v. Scardelletti*, 536 U.S. 1 (2002). He has a tangible interest. In short, the label "party" does not determine standing.

This analysis may seem to make the question whether the possibility of using a judgment as offensive collateral estoppel in the intervenor's suit is sufficient to confer standing on the intervenor inescapable in the present case. But the case is peculiar because the judge, while vacating the judgment because the parties to suit number 1 wanted him to, made clear that he thought the judgment unsound and therefore that he would have set it aside quite apart from the settlement. A vacated judgment is not a permissible basis for collateral estoppel. E.g., *Warner/Elektra/ Atlantic Corp. v. County of DuPage*, 991 F.2d 1280, 1282 (7th Cir. 1993) (Illinois law); *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 340 (7th Cir. 1991) (same).

Even if the judge would not have set aside the judgment—for it is merely highly likely, and not certain, that he would have done so—his criticisms of the judgment would undoubtedly have dissuaded the court in suit number 2 from giving the judgment collateral estoppel effect; for a judgment must not be given such effect if "any special circumstances exist which would render preclusion inappropriate or unfair." *Crowder v. Lash*, 687 F.2d 996, 1010 (7th Cir. 1982). The fact that a loss or other harm on which a suit is based (here, the loss of Enrick's opportunity to use the judgment in suit number 1 against the defendant in number 2) is probabilistic rather than certain does not defeat standing. E.g., *North Shore Gas Co. v. EPA*, 930 F.2d 1239, 1242 (7th Cir. 1991). But the probability must not be *too* close to zero. So remote is the prospect that Enrick could have derived a benefit in suit number 2 from vacating

the settlement in suit number 1 that we conclude that he has not established standing to pursue this appeal. The appeal is therefore

DISMISSED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*