# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ISAAC BARANOWICZ,
         *Petitioner-Appellant,*

      v.

COMMISSIONER OF INTERNAL
REVENUE,
         *Respondent-Appellee.*

No. 04-71327

Tax Court Nos.
  15515-84
  25399-86
  41668-86

OPINION

Appeal from a Decision of the
United States Tax Court

Submitted November 18, 2005*
San Francisco, California

Filed December 23, 2005

Before: Jerome Farris, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Tashima

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

16685

## COUNSEL

Steven D. Blanc, Hochman, Salkin, Rettig, Toscher & Perez, P.C., Beverly Hills, California, for the petitioner-appellant.

Bethany B. Hauser, United States Department of Justice, Tax Division, Washington, D.C., for the respondent-appellee.

## OPINION

TASHIMA, Circuit Judge:

Isaac Baranowicz ("Baranowicz") appeals the United States Tax Court's determination that his former wife, Lora Baran ("Baran"), is entitled to "innocent spouse" relief under § 6015(c) of the Internal Revenue Code ("I.R.C."). The tax deficiency in dispute resulted from several deductions claimed on the couple's joint tax returns that were subsequently disallowed by the Commissioner. Following the couple's divorce in 1987, Baran sought, and was granted, "innocent spouse" relief under § 6015(c). On appeal, Baranowicz contends that the Tax Court erred by granting such relief to Baran and allocating the tax deficiencies solely to

Baranowicz. We conclude that Baranowicz lacks standing to appeal the Tax Court's decision; therefore, we dismiss the appeal.

## BACKGROUND

Baranowicz and Baran were married in 1966. During the years 1979, 1980, 1981, and 1982, the couple took pass-through depreciation deductions attributable to limited partnership interests in equipment leasing ventures similar to those deemed improper tax shelters. *See, e.g.*, *Whitmire v. Commissioner*, 178 F.3d 1050 (9th Cir. 1999); *Waters v. Commissioner*, 978 F.2d 1310 (2d Cir. 1992); *Young v. Commissioner*, 926 F.2d 1083 (11th Cir. 1991). The Internal Revenue Service ("IRS") subsequently issued a notice of deficiency for the amount of the deductions the couple had claimed.[1]

After the couple divorced, Baran filed for "innocent spouse" relief pursuant to § 6015(b) and (c), maintaining that the deficiencies were solely allocatable to her ex-husband. The Commissioner granted her request, relieving Baran of liability for the deficiencies. Baranowicz objected, but the Tax Court also found that Baran was entitled to "innocent spouse" relief under I.R.C. § 6015(c). Baranowicz now appeals the Tax Court's determination.

## DISCUSSION

As a threshold matter, the Commissioner challenges our jurisdiction, contending that Baranowicz lacks standing to appeal from the Tax Court's judgment. We have held:

> There are still limits on who may appeal, however, which include the constitutional requirement that a

---

[1]Pursuant to I.R.C. § 6013(d)(3), when a married couple files a joint return, each spouse is jointly and severally liable for the taxes.

litigant present an actual case or controversy for the court to resolve. *See* U.S. Const. art. III.

A party must satisfy three conditions to have constitutional standing to sue: It must allege some concrete injury in fact; that injury must be fairly traceable to the defendant's actions; and . . . it must be likely, and not merely speculative, that a favorable decision will provide redress.

*Knisley v. Network Assoc., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Utah v. Evans*, 536 U.S. 452 (2002); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). "These requirements must be met by a party appealing a judgment." *Id.* (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)); *see also Wolford v. Gaekle (In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.)*, 33 F.3d 29, 30 (9th Cir. 1994) ("These same criteria apply in determining the question of standing on appeal.").

We have previously held that a non-requesting spouse,[2] such as Baranowicz, lacks standing to challenge the Tax Court's "innocent spouse" determination. *Estate of Ravetti v. United States*, 37 F.3d 1393, 1394 (9th Cir. 1994). The Internal Revenue Service Restructuring and Reform Act of 1998 (the "Restructuring Act"), however, specifically added a provision to I.R.C. § 6015 requiring that the non-requesting spouse be given "adequate notice and an opportunity to become a party to [innocent spouse] proceeding[s]." I.R.C. § 6015(e)(4). Therefore, we must re-examine the question presented in *Estate of Ravetti* in light of this statutory change made by the Restructuring Act.

---

[2]We refer to the spouse who does not request innocent spouse status as the "non-requesting spouse."

A. **A non-requesting spouse had no standing to challenge an "innocent spouse" determination prior to the Restructuring Act.**

**[1]** Prior to the enactment of the Restructuring Act, I.R.C. § 6013(e) governed the granting or denial of claims for "innocent spouse" relief. Section 6013(e) provided for relief from joint and several liability for tax deficiencies where the "innocent spouse" could show that it would be inequitable to hold her liable because she did not know, and had no reason to know, of the understatement. I.R.C. § 6013(e) (repealed 1998).

In *Estate of Ravetti*, we held that a non-requesting spouse did not have standing to challenge the tax court's determination that his spouse was entitled to relief under § 6013(e). *Estate of Ravetti*, 37 F.3d at 1394. We explained that the petitioner suffered no injury that could be redressed on appeal because he was liable for the full deficiency regardless of whether his spouse was granted relief under the "innocent spouse" provision. *Id.* We reasoned that the nature of joint and several liability was such that our determination would not affect the petitioner's tax liability, and "the only harm would be to the IRS, in depriving it of an additional source from which to recover." *Id.* at 1395.

**[2]** Although we expressed no opinion on whether the petitioner may have been entitled to equitable contribution under state law, we did explain that the Tax Court's determination would not control any state court proceeding under the Supremacy Clause because a state court would not "purport to determine how much [either party] must pay the IRS." *Id.* at 1395-96. In addition, we explained that res judicata would not apply because the petitioner was not a party to the "innocent spouse" adjudication. *Id.* at 1396. Accordingly, under the law of this Circuit prior to the Restructuring Act, a non-requesting spouse lacked standing to appeal a Tax Court determination under § 6013. *Id.* at 1395-96.

B. **I.R.C. § 6015(e) does not grant non-requesting spouses standing to challenge "innocent spouse" determinations under § 6105(c).**

[3] In the Restructuring Act, Congress amended the I.R.C. to grant non-requesting spouses the right to receive notice of, and participate in, "innocent spouse" determination proceedings. *See* I.R.C. § 6015(e)(4). Because our decision in *Estate of Ravetti* was partially based on the fact that a non-requesting spouse had no right to participate in the Tax Court's "innocent spouse" determination, its validity has been called into question by the amendment adding § 6015(e)(4). *See Corson v. Commissioner*, 114 T.C. 354, 364 (2000) ("[T]he enactment of section 6015, including the creation of a stand alone proceeding in section 6015(e), has injected into this calculus considerations not present when cases such as *Estate of Ravetti v. United States* . . . were decided."). Accordingly, we must now determine what bearing, if any, the Restructuring Act has on the right of a non-requesting spouse to appeal the grant of § 6015(c) relief to the requesting spouse.

First, Baranowicz contends that the Tax Court's determination constitutes an actual injury insofar as it causes the entire tax deficiency to fall upon his shoulders. Baranowicz concedes, however, as he must, that his obligation to pay the deficiencies will not change based upon this court's (or the Tax Court's) decision. While Baranowicz maintains that § 6015(e)(4) somehow obviates *Estate of Ravetti*'s reasoning on this issue, he fails to explain why.[3] As in *Estate of Ravetti*, the Tax Court's grant of relief to Baran has not caused Baranowicz a redressable injury, and therefore, it remains that "the only harm would be to the IRS, in depriving it of an additional source from which to recover." *Estate of Ravetti*, 37

---

[3]There is no evidence that Congress intended to re-define the principle of joint and several liability of couples filing joint returns by adding § 6015 to the I.R.C. Section 6015 merely carves out an exception for when joint and several liability does not apply.

F.3d at 1394-95. Accordingly, because the Tax Court's determination does not affect Baranowicz's personal tax liability, this argument does not support his standing to appeal. *See id.*[4]

Second, Baranowicz argues that § 6015(e)(4) demonstrates Congress' explicit recognition that non-requesting spouses have a tangible stake in the outcome of "innocent spouse" determinations, and that this interest is sufficient to support Article III standing. Although Baranowicz's argument has some surface appeal, we conclude that it is insufficient to confer Article III standing.

**[4]** Section 6015(e)(4) states that: "[t]he *Tax Court* shall establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) with adequate notice and an *opportunity to become a party* to a proceeding under either such subsection." I.R.C. § 6015(e)(4) (emphases added). While § 6015(e)(4) demonstrates Congress' intent to grant non-requesting spouses the statutory right to intervene as parties in § 6015(c) proceedings in the Tax Court, "if the intervenor does not have the kind of interest that confers standing, then, even if he is called a 'party,' and even if he *is* a party for other purposes, he cannot force the litigation to judgment or take an appeal." *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir. 2005) (citing *Diamond v. Charles*, 476 U.S. 54, 68-69 (1986)) (emphasis in *Korczak*); *see also Yinguez v. Arizona*, 939 F.2d 727, 732 (9th Cir. 1991) (holding that a mere "philosophical interest in the outcome of litigation is insufficient to confer a right to appeal"). Moreover, we must also bear in mind that the Tax Court is not an Article III court and, therefore, is not fully

---

[4]We note that state law cases involving joint tortfeasors, who are jointly and severally liable, have reached the same result. *See, e.g.*, *Holt v. Booth*, 2 Cal. Rptr. 2d 727, 730 (Ct. App. 1991) ("[T]he exoneration of a joint tortfeasor from liability does not 'aggrieve' the other individually liable tortfeasor(s) insofar as that word is understood to apply to a party's standing to appeal.").

constrained by Article III's case or controversy limitation. Thus, we cannot conclude from the mere grant of participation rights in § 6015(c) proceedings in the Tax Court that Congress intended to recognize that unsuccessful non requesting spouses in such proceedings suffer an injury sufficient to confer Article III standing on appeal.

As the Seventh Circuit recently explained in *Korczak*, "intervention can be and is used more broadly (or loosely) to denote a situation in which the resolution of a dispute can be expedited or made more accurate or otherwise improved by allowing someone to enter the litigation, conduct discovery, examine and cross-examine witnesses, and otherwise disport himself as a party would . . . ." *Korczak*, 427 F.3d at 422. The court went on to note that "[w]hether such participations are called 'intervention' or something else, and the participants are called 'parties' . . . or something else," does not affect whether the parties have Article III standing. *Id.*

**[5]** Here, there is no evidence that Congress intended to create a new right granting a non-requesting spouse standing to appeal from the Tax Court's adverse innocent spouse determination. As discussed *supra*, Baranowicz cannot show that he has a sufficient tangible interest to support Article III standing because his tax liability would remain the same whether or not we were to affirm or reverse the Tax Court's determination. *Estate of Ravetti*, 37 F.3d at 1393-95.

**[6]** Absent a showing of some concrete harm, we must reject Baranowicz's argument that the mere grant of participation rights in the Tax Court under § 6015(e)(4) is sufficient to confer on him standing to appeal. *See Diamond*, 476 U.S. at 68-69; *Yinguez*, 939 F.2d at 732; *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1109 (9th Cir. 2002); *Didrickson v. U.S. Dep't of the Interior*, 982 F.2d 1332, 1337-38 (9th Cir. 1992) (holding that an intervenor "must have independent jurisdictional grounds on which to pursue an appeal," and that "[a]n interest strong enough to permit intervention is not necessarily a suffi-

cient basis to pursue an appeal abandoned by the other parties").

## CONCLUSION

Because Baranowicz has failed to show any redressable injury, he lacks standing to appeal the Tax Court's determination under I.R.C. § 6015(c). This appeal is therefore **DISMISSED**.