**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATHERINE MARIE NUNEZ, | No. 13-70923 |
| Petitioner - Appellant, | Tax Ct. No. 15168-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the Decision and Order
of the United States Tax Court

Argued and Submitted March 12, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Petitioner-Appellant Catherine Marie Nunez appeals the Tax Court's denial

of her motion to vacate the Tax Court's determination, after a trial de novo, that

she was not entitled to innocent-spouse relief under 26 U.S.C. § 6015(f).  Nunez

argues here, as she argued in her motion to vacate below, that the Tax Court lost

jurisdiction over her petition once the Commissioner changed his position before

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

trial and decided that he would not oppose a determination in Nunez's favor. Having jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

There is no dispute that Nunez properly invoked the Tax Court's jurisdiction when she filed her petition within 90 days of the date the Commissioner issued a notice of final determination denying Nunez's request for § 6015(f) relief. *See id.* § 6015(e)(1)(A) (providing that "the Tax Court shall have jurisdiction[] to determine the appropriate relief available to the individual under [§ 6015] if [the requesting spouse's] petition is filed" within 90 days of "the date the Secretary mails . . . notice of the Secretary's final determination of relief"). Thus, the Tax Court presumptively continued to have jurisdiction throughout the proceedings before it. *See Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1208 (9th Cir. 2005) ("[A]s a general matter a federal court's subject-matter jurisdiction is determined at the time it is invoked.").

Nothing in § 6015 provides that the Tax Court loses jurisdiction once the Commissioner changes his position and supports, or stops opposing, a grant of relief in the requesting or electing spouse's favor. Section 6015 does state that the Tax Court loses jurisdiction when either spouse files a refund suit in district court or the United States Court of Federal Claims, *see* 26 U.S.C. § 6015(e)(3)(A), but

neither Nunez nor her former husband filed a refund suit during the Tax Court proceedings.

Nunez contends that the Commissioner's change in position deprived the Tax Court of any live controversy to decide. Although we have recognized that limitations imposed on Article III courts are presumptively applied to the Tax Court, *Charlotte's Office Boutique*, 425 F.3d at 1211 & n.7, "we must also bear in mind that the Tax Court is not an Article III court and, therefore, is not fully constrained by Article III's case or controversy limitation," *Baranowicz v. Comm'r*, 432 F.3d 972, 975 (9th Cir. 2005).

But even if the Tax Court were fully bound by Article III constraints, the Commissioner's communication of his position that "petitioner is entitled to equitable relief under I.R.C. § 6015(f)" did not moot the case, as the Commissioner did not grant the requested relief. A respondent's failure to defend its decision on appeal, without some action that moots or vacates the decision, does not ordinarily deprive an appellate court of a live case or controversy. And here, because the Commissioner never revoked, or promised to revoke, the notice of final determination denying Nunez's request for § 6015(f) relief, Nunez continued to

3

experience an injury that the Tax Court would have been able to redress, even though the Tax Court ultimately did deny her petition.[1]

We therefore conclude that the Tax Court did not err in denying Nunez's motion to vacate.

**AFFIRMED.**

---

[1]Although it is unclear whether the Commissioner could have rescinded the agency's notice of final determination while the Tax Court petition was pending, he might have stipulated to a decision in Nunez's favor and filed a motion for entry of decision with the Tax Court. The Commissioner declined to take such actions here because he saw himself bound by the Tax Court's decision in *Corson v. Commissioner*, 114 T.C. 354, 364–65 (2000), which departed from the Tax Court's prior practice of granting such motions. *See, e.g.*, *Garvey v. Comm'r*, 66 T.C.M. (CCH) 355, 358 (1993). But *Corson* did not purport to preclude the Commissioner from seeking entry of decision in future cases, notwithstanding a nonelecting or nonrequesting spouse's intervention. *See Corson*, 114 T.C. at 365 (noting that "we do not have before us a case for determining the precise contours of the rights granted to a nonelecting spouse under section 6015(e)" and explaining that the Tax Court would decline to grant motions for entry of decision over the objection of a nonelecting spouse "*until such rights are more explicitly defined in appropriate cases*" (emphasis added)). *Cf. Baranowicz*, 432 F.3d at 975–76.

4