T.C. Summary Opinion 2005-75


UNITED STATES TAX COURT


RICHARD MARK HANSEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6815-04S.                    Filed June 7, 2005.


Richard Mark Hansen, pro se.

Michael W. Berwind, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect at the time that the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner. Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination to proceed with collection of his income tax liabilities, which were $54,282.80 for 1997, $4,011.31 for 1998, and $12,744.35 for 2000 at the time of the notice of determination. The issue for decision is whether the settlement officer abused his discretion in sustaining, as an appropriate collection measure, the filing of a Notice of Federal Tax Lien (NFTL) on petitioner's property and rights to property.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Los Angeles, California, at the time the petition was filed.

## Background

### A. Petitioner's Tax Returns

#### 1. Petitioner's 1997 Tax Return

Petitioner, a self-employed real estate broker, timely filed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, for 1997. Petitioner then timely filed without remittance a Form 1040, U.S. Individual Income Tax Return, for 1997. Attached to petitioner's 1997

return was a Schedule C, Profit or Loss From Business, reflecting that petitioner utilized the cash method of accounting.

The 1997 return reflected income tax due of $37,014. In August 1998, respondent assessed the tax shown on the return as well as additions to tax for failure to pay estimated tax and failure to pay tax of $124 and $925.35, respectively. Including interest, petitioner's outstanding tax liability for 1997 was $39,317.11 as of September 12, 2002, the date of the filing of the NFTL.

On October 15, 2002, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1997 which reflected a net operating loss carryback from 1999 and a total tax reduction of $8,696. The IRS accepted petitioner's Form 1040X and adjusted his tax accordingly.[1] Petitioner has not made any payments toward his liability for 1997.

2. Petitioner's 1998 Tax Return

Petitioner filed his 1998 Form 1040 on March 25, 2001, reflecting a total tax of $2,290. Respondent assessed the tax shown on the return as well as additions to tax for failure to pay estimated tax, failure to pay tax, and failure to file timely of $88, $245.88, and $442.57, respectively. Including interest, petitioner's outstanding tax liability for 1998 was $3,194.85 as

---

[1]Sec. 172(b) permits a 2-year carryback of net operating losses from the year of the loss.

of the date of the filing of the NFTL. Petitioner has not made any payments toward his liability for 1998.

### 3. Petitioner's 2000 Tax Return

Petitioner timely filed a Form 4868 for 2000. Petitioner filed his Form 1040 for 2000 on April 30, 2001, reflecting a total tax of $9,183. Respondent assessed the tax shown on the return as well as an addition to tax for failure to pay tax of $91.83. Respondent also credited to petitioner's account $300 for the Immediate Tax Relief Credit on August 27, 2001. Including interest, petitioner's outstanding tax liability for 2000 was $9,061.78 as of the date of the filing of the NFTL. Petitioner has not made any other payments toward his liability for 2000.

On September 12, 2002, respondent filed an NFTL regarding petitioner with respect to 1997, 1998, and 2000, in the Office of the County Recorder for the County of Los Angeles, California. On September 17, 2002, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing, by certified mail. In response to the Letter 3172, petitioner timely filed with respondent a Form 12153, Request for a Collection Due Process Hearing (CDP hearing).

### B. Petitioner's Offer in Compromise

Petitioner submitted a Form 656, Offer in Compromise (OIC), and a Form 433-A, Collection Information Statement For Wage

Earners And Self-Employed Individuals, seeking to compromise his liabilities for tax years 1997 through 2002 on the grounds of doubt as to collectibility and effective tax administration. Petitioner's OIC was assigned to Revenue Officer Glen McDuffie (Mr. McDuffie) for consideration.

Mr. McDuffie was contacted by Settlement Officer Patrick Lin (Mr. Lin) who informed him that petitioner had filed a Form 12153 and that Mr. Lin was retaining jurisdiction over the case. Mr. Lin asked Mr. McDuffie to complete his investigation of petitioner's OIC but informed him that Mr. Lin would make the final determination whether to accept or reject the OIC.

Mr. McDuffie sent petitioner a preliminary analysis of his OIC in which Mr. McDuffie determined that petitioner had the ability to pay a total of $148,961 based on the equity in petitioner's home and that petitioner could pay his tax liabilities in full. Petitioner offered $1,000 to satisfy his outstanding liabilities of $91,267.08. Mr. McDuffie forwarded petitioner's case to Mr. Lin for review and reconsideration.

C.   Petitioner's Hearing

At his conference with Mr. Lin, petitioner agreed to list his residence for sale and remit the sales proceeds by certain deadlines and to enter into an installment agreement for the remaining balance. Mr. Lin sent petitioner a confirmation letter

setting forth the terms to which petitioner had agreed, as well as a requirement that petitioner timely file his tax return for 2003, and pay in full any tax due for that year.  Mr. Lin warned petitioner that his case might be closed and the collection action sustained, if he failed to to satisfy the conditions in the letter.

Petitioner failed to satisfy the conditions by the deadline. Instead, he telephoned Mr. Lin and requested an abatement of additions to tax and interest.  Mr. Lin faxed petitioner an updated listing of his outstanding tax liabilities for 1997 through 2002, and a copy of the relevant provisions of the Internal Revenue Manual regarding Reasonable Cause for Penalty Relief.

In response, petitioner faxed Mr. Lin a letter in which he explained that he does not believe that he owes anything for 1997 because his tax attorney changed his accounting method from accrual to cash.  He also stated that all additions to tax for tax years 1998 through 2003 should be waived because he exercised ordinary business care and prudence and the additions to tax were causing undue hardship.  Attached to the letter were copies of petitioner's  Schedules C, Profit or Loss From Business, for 1994 through 1996, and a copy of the first page of petitioner's responses to a request for admissions from a lawsuit in which petitioner was a plaintiff.

Mr. Lin recommended that petitioner's OIC be rejected because petitioner had the ability to satisfy his tax liabilities in full and because petitioner was not current in making his estimated tax payments. By letter, petitioner was advised that his proposed OIC was not acceptable.

D.   The Petition

The petition filed with the Court covered tax years 1997, 1998, 1999, 2000, 2001, and 2002. Because the notice of determination addressed only 1997, 1998, and 2000, respondent's motion to dismiss for lack of jurisdiction and to strike as to the remaining years was granted.

In his petition, petitioner states:

> Release of lien, abatement of penalties and interest, and discharge of $50,000.00 for 1997 taxes. There was no need for the lien. I was not properly notified and I was working with the IRS at the time to resolve these issues. Doubt as to liability. Doubt as to collectibility. Econemic [sic] hardship and unfair and inequitable. I believe I do not owe $50,000.00 for 1997 taxes. This is based on Bad Advice, Ignorance, and Mistakes Made by my tax attorney. I believe I qualify for the Offer in Compromise and or penalty and interest abatement.

## Discussion

A.   Petitioner's Underlying Liabilities

Section 6320 entitles a taxpayer to notice of the taxpayer's right to request a hearing after a notice of lien is filed by the Commissioner in furtherance of the collection from the taxpayer of unpaid Federal taxes. The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's

intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b), (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Petitioner did not receive notices of deficiency for 1997, 1998, or 2000. Therefore, pursuant to sections 6320(c) and 6330(c)(2)(B), petitioner was entitled to challenge the existence or amount of the underlying tax liabilities for 1997, 1998, and 2000 at his Appeals Office hearing. See Hoffman v. Commissioner, 119 T.C. 140, 145 (2002). If the validity of those underlying tax liabilities is properly at issue, the Court reviews the matter de novo. Poindexter v. Commissioner, 122 T.C. 280, 284 (2004); Sego v. Commissioner, supra at 610.

Respondent assessed the tax shown on the tax returns petitioner submitted for 1997, 1998, and 2000. Petitioner testified that he does not disagree with the amounts of tax respondent assessed for 1998 and 2000. He does, however, dispute the tax liability for 1997 and the penalties and interest

assessed on the outstanding tax liability for each of the years.

Petitioner contends that he does not owe taxes for 1997 because his tax attorney improperly changed his method of accounting from accrual to cash. Petitioner contends that if he had remained on the accrual basis, he would not have a tax liability for 1997.

Petitioner filed his 1997 Form 1040 and his Form 1040X using the cash method. Petitioner did not challenge his tax liability for 1997 in his OIC. At trial, petitioner contended that the change in his method of accounting from an accrual to a cash basis caused an overstatement of his income for 1997. Petitioner claims he received a large settlement in a lawsuit that year that related to "monies owed for the prior five years." Petitioner contends that if he had remained on the accrual basis, he would not have included the entire settlement in income in 1997. Petitioner provided no evidence to corroborate his testimony. Assuming the facts to be as stated by petitioner, however, the year of inclusion would not change. See sec. 1.451-1(a), Income Tax Regs. ("Under an accrual method of accounting, income is includible in gross income when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy."); see also Lark Sales Co. v. Commissioner, 437 F.2d 1067, 1073 (7th Cir. 1970);

Swastika Oil & Gas Co. v. Commissioner, 123 F.2d 382 (6th Cir. 1941), affg. 40 B.T.A 798 (1939).

The Court finds that petitioner has not presented, and the record does not show, any evidence to demonstrate that his tax liability for 1997 was incorrect.  Respondent's determination is sustained.

B.   Additions to Tax

   1.   Section 6651(a)

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for 1998 of $442.57 and for 2000 of $382.50.  Respondent also determined that petitioner is liable for additions to tax under section 6651(a)(2) for 1997 of $925.35, for 1998 of $245.88, and for 2000 of $272.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition to tax equals 5 percent for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).

Section 6651(a)(2) provides for an addition to tax for failure to pay taxes shown on a return on or before the payment due date.  The addition to tax is one-half percent of the amount shown as tax on a return for each month or fraction thereof during which the failure to pay continues, not exceeding 25 percent in the aggregate.  Sec. 6651(a)(2).

The additions to tax under section 6651(a)(1) and (2) do not apply, however, if the failure is due to reasonable cause and not due to willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985); Jackson v. Commissioner, 864 F.2d 1521, 1527 (10th Cir. 1989), affg. 86 T.C. 492 (1986); Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence.  United States v. Boyle, supra at 246.  "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioner does not dispute that his returns for 1998 and 2000 were not filed timely and that he has not fully paid his tax liabilities shown as due on the returns for the 3 subject years.  Petitioner has not produced any evidence that he had reasonable cause or a lack of willful neglect in failing to timely file his returns for 1998 and 2000, and failing to pay the taxes shown on his 1997, 1998, and 2000 returns.  Respondent's determination is sustained.

2.   Section 6654(a)

Respondent also determined that petitioner is liable for additions to tax under section 6654(a) for 1997 of $124 and 1998 of $88.

Section 6654(a) imposes an addition to tax for failure to make timely estimated income tax payments.  Section 6654(e)

contains several computational exceptions to application of the addition to tax. Petitioner bears the burden of proving that he paid estimated tax or that any of the exceptions excuse him from paying estimated tax. See Rule 142(a). The addition to tax for failure to pay estimated tax is mandatory, unless petitioner can show that he qualifies for one of the exceptions. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980) (citing Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960)).

Petitioner has failed to show that he paid estimated tax or that any of the exceptions apply. Respondent's determination of additions to tax under section 6654(a) therefore is sustained.

C.    Abatement of Interest

If, as part of a CDP Hearing, a taxpayer makes a request for abatement of interest, the Court has jurisdiction over the request for abatement of interest that is the subject of the Commissioner's collection activities. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000). Generally, the Court considers only arguments, issues, and other matters that were raised by the taxpayer at the CDP Hearing or otherwise brought to the attention of the Appeals Office. Magana v. Commissioner, 118 T.C. 488, 493 (2002); Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. per curiam 21 Fed. Appx. 160 (4th Cir. 2001); Sego v. Commissioner, 114 T.C. at 612.

The record before the Court establishes that petitioner raised the interest abatement issue at his CDP Hearing. With regard to 1997, the carryback year, petitioner argued that the interest accrued prior to the carryback on the amount of the carryback should be eliminated. A taxpayer, however, is liable for interest on a deficiency until the deficiency is paid or otherwise abated. Section 6601(d)(1) provides that a reduction in tax by reason of a carryback of an NOL does not affect the computation of statutory interest due for the period ending with the filing date for the taxable year in which the NOL arose. See also Manning v. Seely Tube & Box Co., 338 U.S. 561, 570 (1950); Med James, Inc. v. Commissioner, 121 T.C. 147, 153 n.9 (2003); Intel Corp. & Consol. Subs. v. Commissioner, 111 T.C. 90, 95 (1998).

The Court considers petitioner's request for abatement of the interest for 1997, 1998, and 2000, to be a request for abatement of interest under section 6404, and the Court has jurisdiction under section 6404(i) to consider that request. See Washington v. Commissioner, 120 T.C. 114, 123 n.12 (2003); Katz v. Commissioner, supra at 342-343.

The Court concludes that petitioner has failed to prove that respondent abused his discretion in failing to abate interest. Petitioner failed to establish any unreasonable error or delay attributable to respondent in performing a ministerial or

managerial act requiring the abatement of interest with respect to the taxable years 1997, 1998, and 2000.  See sec. 6404(e).

Petitioner has not alleged or proven that the settlement officer abused his discretion in finding that petitioner had the ability to pay his tax liabilities in full.  Because petitioner has failed to present grounds on which this Court could find that the settlement officer abused his discretion in sustaining the Notice of Federal Tax Lien on petitioner's property, the Court sustains respondent's administrative determination to proceed with collection against petitioner.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.