T.C. Summary Opinion 2007-25


UNITED STATES TAX COURT


CHERYL WARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16334-05S.          Filed February 21, 2007.


Cheryl Ward, pro se.

<u>L. Katrine Shelton</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.  Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This case is before the Court on respondent's motion for summary judgment under Rule 121. This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 sent to petitioner.

## Background

At the time the petition in this case was filed, petitioner resided in Oakland, California.

Petitioner filed for 1999 and 2000, Forms 1040, U.S. Individual Income Tax Return, on February 21, 2001, and on May 14, 2001, respectively. Petitioner failed to pay all of the taxes reported on the returns. The unpaid taxes, related penalties, and interest were accordingly assessed. Respondent did not issue to petitioner a statutory notice of deficiency for 1999 or 2000.

Respondent subsequently filed a Notice of Federal Tax Lien (tax lien) with respect to petitioner's tax liabilities for 1999 and 2000. On July 20, 2004, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing.

On the Form 12153, petitioner stated in the explanation that she did not agree with the tax lien because "I am applying for an offer in compromise. I am disabled." Petitioner subsequently

filed a Form 656, Offer in Compromise (OIC), based on promotion of effective tax administration, for 1999, 2000, 2001, 2002, and 2003. Petitioner offered to settle her outstanding tax liabilities, totaling approximately $40,000, for $1,000.

Petitioner's case was assigned to Appeals Officer Celia Cleveland (AO Cleveland). AO Cleveland conducted the collection due process hearing with petitioner and her representative via numerous telephone conversations and written correspondence. During the hearing, petitioner did not challenge the existence or amount of the underlying tax liability for 1999 or 2000.

Based on the documentation submitted by petitioner, AO Cleveland determined that petitioner's OIC did not qualify for consideration as an offer based on promotion of effective tax administration. Petitioner did not offer any other collection alternatives other than the OIC. AO Cleveland reviewed petitioner's administrative file and transcripts for the years in issue, and she verified that all applicable laws and administrative procedures had been met.

On July 22, 2005, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 for 1999 and 2000 (notice of determination), determining that respondent's filing of the tax lien was proper and indicating that petitioner's OIC was rejected. The attachment to the notice of determination notes that petitioner

failed to submit documentation to establish that she is permanently and totally disabled.

On August 31, 2005, petitioner filed with the Court a petition for lien or levy action. The only error assigned in the petition pertains to petitioner's challenge of her underlying tax liabilities.

Respondent asks for summary judgment with respect to the notice of determination in that petitioner's failure to challenge the existence or amount of the underlying tax liabilities for 1999 and 2000 during the collection due process hearing precludes her from now challenging the underlying tax liabilities. Petitioner was ordered to file a response to respondent's motion, but no response has been received by the Court.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is

entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). The Court has considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material fact regarding the collection matters in this case.

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a person where there exists a failure to pay any tax liability after demand for payment. The lien generally arises when the assessment is made. Sec. 6322.

Section 6320 entitles a person to notice of her right to request a hearing after a notice of lien is filed by the Commissioner in furtherance of the collection from the person of unpaid Federal taxes. If one is requested, the administrative hearing is before the Appeals Office of the Internal Revenue Service. Sec. 6320(b)(1). The person requesting the hearing may raise any relevant issue with regard to the Commissioner's

intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b), (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Sego v. Commissioner, supra; Goza v. Commissioner, supra at 180-181.

In making a determination, the Appeals officer is required to take into consideration issues properly raised, the verification that the requirements of applicable law and administrative procedures have been met, and whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that any collection action is no more intrusive than necessary. Sec. 6330(c)(3). Within 30 days after the Appeals Office issues a notice of determination, the person may appeal the determination to the Tax Court, if the Court has jurisdiction over the underlying tax liability. Sec. 6330(d)(1)(A). The Court has jurisdiction in this case.

The disagreements expressed by petitioner for 1999 and 2000 in her petition relate to the deductibility of certain claimed expenses on Schedules A and C and the applicability of penalties. Because petitioner self-assessed her taxes for all years in issue, no statutory notice of deficiency was issued. See sec. 6201(a)(1). Petitioner therefore could have challenged the existence or amount of the underlying tax liabilities during the Appeals Office hearing. Petitioner, however, did not do so, and she is accordingly precluded from challenging the underlying tax liabilities in this proceeding. Sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); see also sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).

In her petition, petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternate means of collection. A petition for review of a collection action must clearly specify the errors alleged to have been committed in the notice of determination. Rule 331(b)(4). Any issues not raised in the assignments of error are deemed to be conceded by petitioner. Id.; see Goza v. Commissioner, supra at 183; see also Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001).

In the absence of a valid issue for review, the Court concludes that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated July 22, 2005. The Court will grant respondent's motion for summary judgment.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.